983 F.2d 1078
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America Plaintiff-Appellee,
v.
Sergio HERRERA-ROBLES Defendant-Appellant.
 No. 92-30044.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 7, 1993.*
Decided Jan. 15, 1993.
 
 1
 Before FARRIS and KLEINFELD Circuit Judges, and EZRA,** District Judge.
 
 OVERVIEW
 
 2
 Sergio Herrera-Robles appeals his jury conviction for conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846, and distribution of more than five hundred grams of cocaine, in violation of §§ 846(a)(1)(B) and 841(b)(1). We affirm.
 
 DISCUSSION
 
 3
 Herrera-Robles contends that the prosecutor made five prejudicial comments during closing argument which amount to reversible error. A careful review of the record convinces us that this contention lacks merit.
 
 1. Comment 1
 
 4
 Herrera-Robles claims that the government improperly commented that the cocaine had come from South America, evidence previously excluded by the court. The court sustained the defendant's objection to the comment on the grounds that it was "beyond the record," and issued a curative instruction:
 
 
 5
 THE COURT: Ladies and gentlemen, the reference to the source of the cocaine, I sustained an objection, indicating that that is beyond the record. What I mean is that there was no evidence in the case regarding where the cocaine came from. So you should disregard the remark of the attorney regarding that fact. And remember that the arguments of the attorneys are not evidence. The evidence is what you heard from the witness stand and the documents and other things received into evidence.
 
 
 6
 Herrera-Robles was not prejudiced by the prosecutor's remark, but even if he were, any prejudice was cured by the court's instruction. See United States v. Alvarado, 838 F.2d 311, 317 (9th Cir.), cert. denied, 487 U.S. 1222 (1988).
 
 2. Comment 2
 
 7
 During closing argument the government stated that Herrera-Robles was a "worker" in the cocaine organization who was "expected to keep his mouth shut." Herrera-Robles argues that this statement was an impermissible comment upon his failure to testify. The language used was neither "manifestly intended or was of such a character that the jury would naturally and necessarily take it to be a comment on the failure to testify." United States v. Soulard, 730 F.2d 1292, 1306 (9th Cir.1984). The comment was a reference to Herrera-Robles's false statements following his arrest, made to protect other members of the conspiracy, and not to his failure to testify. Further, any error was cured when the court immediately admonished the prosecutor and instructed the jury that the defendant's failure to testify raised no presumption against him. See United States v. Jaramillo-Suarez, 950 F.2d 1378, 1388 (9th Cir.1991).
 
 3. Comment 3
 
 8
 During closing rebuttal, the prosecutor stated that the defense had failed to supply a promised explanation for a truck key found in Herrera-Robles's pocket. Herrera-Robles argues that this is another impermissible reference to his refusal to testify. We reject the argument.
 
 
 9
 A prosecutor may comment on the failure of the defense, as opposed to the defendant, to counter or explain testimony presented or evidence introduced. United States v. Mares, 940 F.2d 455, 461 (9th Cir.1991); United States v. Castillo, 866 F.2d 1071, 1083 (9th Cir.1988). The government's statement was phrased to call attention to the failure of the defense to supply an explanation for the key. This did not require testimony of the defendant.
 
 4. Comment 4
 
 10
 Herrera-Robles next argues that the government improperly vouched for one of its witnesses. The prosecutor stated in his rebuttal:
 
 
 11
 MR. FRIEDMAN: ... As far as the testimony of Maria Christina Gomez, I thought it was interesting that when she was on the witness stand and the defense counsel had an opportunity to cross-examine her, he never ever reached the merits of her testimony, ever. All she was questioned about was the fact that she originally lied about whether she was doing ounces or kilos when she was arrested. Ask yourself why Mr. Reiman did not--
 
 
 12
 MR. REIMAN: Objection, the defense does not have any burden.
 
 
 13
 THE COURT: Sustained.
 
 
 14
 These comments do not constitute witness vouching. A prosecutor may comment on the shortcomings of the defense. See United States v. Kessi, 868 F.2d 1097, 1106 (9th Cir.1989).
 
 5. Comment 5
 
 15
 Finally, Herrera-Robles contends that the government improperly asked the jury to speculate as to what an unavailable coconspirator would have said if he had been called as a witness. Herrera-Robles suggests that this comment implied to the jury that the prosecuting attorney had information about the coconspirator which supported the government's case. Nothing in the record supports this contention, but any possible error was harmless because the court had admonished the jury that such remarks were but argument, not to be taken as evidence. See United States v. Marsh, 894 F.2d 1035, 1040 (9th Cir.1989), cert. denied, 493 U.S. 1083 (1990).
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable David Ezra, District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3